UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAISY WILKERSON                                                        PLAINTIFF

V.                                             CIVIL ACTION NO. 3:17-CV-853-DPJ-FKB

JOHNSON CONTROLS, INC, ET AL.                         DEFENDANTS

ORDER

Plaintiff Daisy Wilkerson asks the Court to strike Defendants Faurecia Automotive Seating, LLC's and Faurecia Madison Automotive Seating, Inc.'s affirmative defenses because they are insufficiently pleaded.[1] *See* Pl.'s Mot. [19]. For the reasons that follow, the Court grants Wilkerson's Motion to Strike [19] as to defenses based on the Mississippi Constitution, *Ellerth/Faragher*, the at-will employment doctrine, and workers' compensation exclusivity. The motion is otherwise denied.

I.      Facts and Procedural Posture

Wilkerson filed her Complaint against Defendants on October 25, 2017, alleging that Defendants violated the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. § 12112, when they failed to hire her. *See* Compl. [1]. Defendants responded on November 17, 2017, asserting 26 affirmative defenses. Defs.' Answers [12, 13]. A month later, Wilkerson filed the instant motion seeking to strike 18 of FAS's and FMAS's affirmative defenses because they failed to meet the pleading standard announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See* Pl.'s Mot. [19].

---

[1] The Court will hereinafter refer to Defendants Faurecia Automotive Seating, LLC, and Faurecia Madison Automotive Seating, Inc., as "FAS" and "FMAS" respectively or collectively as "Defendants."

II.     Standard

    A.      Rule 12(f)

Motions to strike fall under Federal Rule of Civil Procedure 12(f), which states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A Rule 12(f) motion serves to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. H-09-2582, 2010 WL 2219179, at *5 (S.D. Tex. May 28, 2010) (citations omitted).

That said, "[m]otions to strike defenses are generally disfavored and rarely granted." *Solis v. Bruister*, No. 4:10-CV-77-DPJ-FKB, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012) (citation omitted). Such relief is warranted only when the defense "cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). And "if there is a question of law or fact regarding a particular defense, a court must deny a motion to strike." *Bertoniere v. First Mark Homes, Inc.*, No. 2:09-CV-156-DCB-MTP, 2010 WL 729931, at *1 (S.D. Miss. Feb. 25, 2010) (citations omitted).

Finally, a motion to strike "generally should not be granted absent a showing of prejudice to the moving party." *Conn v. United States*, No. 3:10-CV-300-CWR, 2011 WL 2117969, at *5 (S.D. Miss. May 27, 2011); *accord Davis v. Hinds Cty., Miss.*, No. 3:16-CV-674-DPJ-FKB, 2017 WL 2269010, at *2 (S.D. Miss. May 23, 2017); *see also* 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.) (noting general agreement that Rule 12(f) motions should be denied absent showing that defense "may cause some form of significant prejudice").

B.  Pleading Standards

Here, the parties spend considerable time disputing the applicable pleading standard for affirmative defenses. In *Woodfield v. Bowman*, the Fifth Circuit stated that the standards were the same for complaints and defenses, and as such, defendants were required to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." 193 F.3d 354, 362 (5th Cir. 1999).

Of course, *Twombly* redefined fair notice as it applies to complaints filed under Federal Rule of Civil Procedure 8(a). To avoid Rule 12(b)(6) dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The question is whether *Twombly* should apply to affirmative defenses under Federal Rules of Civil Procedure 8(b) and (c) the same as it applies to complaints under Rule 8(a). Wilkerson says it must and that ruling otherwise would be unfair.

The analysis must start with the text of Rule 8, which reveals that its subparts are not coterminous. Rule 8(a) governs claims for relief and provides that such pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But the "showing" required under Rule 8(a) is not found in the rules governing defenses. Specifically, Rule 8(b)(1) provides, "[A] party must . . . state in short and plain terms its defenses to each claim asserted against it," and 8(c)(1) provides says "a party must affirmatively state any avoidance or affirmative defense."

These distinctions matter because *Twombly* was premised on Rule 8(a)'s unique language. According to the Supreme Court, the plausibility standard "reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft *to 'sho[w] that the*

3

*pleader is entitled to relief.*'" *Twombly*, 550 U.S. at 557 (emphasis added). Neither Rule 8(b) nor Rule 8(c) requires the pleader to show anything.[2]

Although the Fifth Circuit has not squarely addressed whether *Twombly* overruled *Woodfield*, it continues to apply *Woodfield* when addressing affirmative defenses. *See, e.g.*, *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) ("A defendant must plead with 'enough specificity or factual particularity to give the plaintiff "fair notice" of the defense that is being advanced.'" (quoting *Rogers v. McDorman*, 521 F.3d 381, 385–86 (5th Cir. 2008)).

Courts that have considered whether *Twombly* applies to affirmative defenses are split. Wilkerson string-cites cases from district courts in other circuits that have applied the heightened standards. *See* Pl.'s Reply Mem. [33] at 2–5. But she offers no such list from within the Fifth Circuit, where nearly every recent case—including two from this district and one from a current Fifth Circuit judge—has concluded that *Woodfield* survived *Twombly*.[3]

---

[2] Some courts observe that the distinction is appropriate because plaintiffs may have years to perfect a complaint whereas defendants have 21 days to answer.

[3] *See Ntuk v. Taylor Smith Consulting, LLC*, No. CV H-16-1165, 2018 WL 1427198, at *5 (S.D. Tex. Mar. 22, 2018) (noting split but applying fair-notice standard); *accord Hill Country Bakery, LLC v. Honest Kitchens Grp., LLC*, No. 5:17-CV-334-DAE, 2017 WL 9362706, at *5 (W.D. Tex. Dec. 11, 2017); *Dewan v. M-I, L.L.C.*, No. H-15-1746, 2016 WL 695717, at *5 (S.D. Tex. Feb. 22, 2016), *rev'd* 858 F.3d 331 (5th Cir. 2017); *Republic Title of Tex., Inc. v. First Republic Title, LLC*, No. 3:14-CV-3848-B, 2015 WL 4737080, at *1 (N.D. Tex. Aug. 10, 2015); *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, No. 6:15-CV-00091, 2015 WL 12868183, at *3 (W.D. Tex. June 24, 2015), *rep. & recom. adopted*, 2015 WL 11004538 (W.D. Tex. July 15, 2015); *Sprint Solutions, Inc. v. Precise Wireless Intern, Inc.*, No. H-15-0032, 2015 WL 2359519, at *2 (S.D. Tex. May 15, 2015); *Republic Title of Tex., Inc. v. First Republic Title, LLC*, No. 3:14-CV-3848-B, 2015 WL 1914635, at *1 (N.D. Tex. Apr. 27, 2015); *U.S. ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 419 (S.D. Tex. 2014) (Costa, J.); *Certain Underwriters at Lloyd's Subscribing to Policy no. TCN034699 v. Bell*, No. 5:13-CV-113-DCB-MTP, 2014 WL 4546046, at *2 (S.D. Miss. Sept. 11, 2014) (Bramlette, J.); *Klein v. Fed. Ins. Co.*, Nos. 7:03-CV-102-D, 7:09-CV-094-D, 2014 WL 4476556, at *5 (N.D. Tex. Sept. 11, 2014); *U.S. ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 418 (S.D. Tex. Sept. 3, 2014) (Costa, J.); *Deaf Interpreter Servs., Inc. v. Webbco Enters., L.L.C.*, No. SA:13-CV-867-OLG, 2014 WL 12489609, at *2 (W.D. Tex. June 30, 2014); *Rodriguez v. Physician Lab. Servs., LLC*, No. 7:13-CV-622, 2014

To be clear, the Court would not reach its conclusion by counting noses. The text of Rules 8(a), (b), and (c) reflects clear differences with respect to the purposes of complaints and responsive pleadings and the showings they require. Those differences distinguish *Twombly*. And because neither the United States Supreme Court nor the Fifth Circuit Court of Appeals has overruled *Woodfield*, this Court is bound to apply the fair-notice standard.

Under that standard, a defendant must:

> plead an affirmative defense with enough specificity or factual particularity to give the plaintiff "fair notice" of the defense that is being advanced. We acknowledge that in some cases, merely pleading the name of the affirmative defense . . . may be sufficient. . . . The "fair notice" pleading requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise."

*Woodfield*, 193 F.3d at 362 (internal citations omitted).

Finally, while an affirmative defense that meets this standard would likely survive a motion to strike, the reverse is not necessarily true. Failing to provide fair notice of a defense may result in the defense being waived under Rule 8(c). *Id.* But an affirmative defense's sufficiency under Rule 12(f) generally relates to *legal* sufficiency and not whether the defense was pleaded with sufficient factual detail. As now Fifth Circuit Judge Gregg Costa observed:

---

WL 847126, at *2 (S.D. Tex. Mar. 4, 2014); *Deniece Design, LLC v. Braun*, 953 F. Supp. 2d 765, 776 (S.D. Tex. 2013); *Joe Hand Promotions, Inc. v. HRA Zone, L.L.C.*, No. A-13-CA-359, 2013 WL 5707810, at *2 (W.D. Tex. Oct. 18, 2013); *Cordero v. Voltaire*, No. A-13-CA-253-LY, 2013 WL 6415667, at *7 (W.D. Tex. Dec. 6, 2013); *Noatex Corp. v. King Constr. of Hous., LLC*, No. 3:11-CV-152-SAA, 2013 WL 12241279, at *2 (N.D. Miss. Feb. 13, 2013); *Reinforced Earth Co. v. T & B Structural Sys.*, No. 3:12-CV-2704-N, 2013 WL 10989994, at *6 (N.D. Tex. Jan. 30, 2013); *Jones v. JGC Dall. LLC*, 2012 WL 4119570, at *4 (N.D. Tex. Aug. 17, 2012), *rep. & recom. adopted*, 2012 WL 4169685 (N.D. Tex. Sept. 19, 2012); *E.E.O.C. v. LHC Grp. Inc.*, No. 1:11-CV-355-LG-JMR, 2012 WL 3242168, at *2 (S.D. Miss. Aug. 7, 2012) (Guirola, J.); *Floridia v. DLT 3 Girls, Inc.*, No. 4:11-CV-3624, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012); *E.E.O.C. v. Courtesy Bldg. Servs., Inc.*, No. 3:10-CV-1911, 2011 WL 208408, at *2 (N.D. Tex. Jan. 21, 2011); *Tran v. Thai*, No. H-08-3650, 2010 WL 723633, at *1 (S.D. Tex. Mar. 1, 2010).

> The "insufficient defense" language in Rule 12(f) has traditionally been read to allow challenges to the legal sufficiency of an asserted defense, *see* Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1381 (3d ed.) (explaining that Rule 12(f) motions . . . "are a useful and appropriate tool when the parties disagree only on the legal implications to be drawn from uncontroverted facts.") (citing cases); *id.* ("In sum, a motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits."), as opposed to whether the defense "contain[s] sufficient factual matter." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

*Citizens Med. Ctr.*, 302 F.R.D. at 419.

III.     Analysis

With four minor exceptions, Wilkerson has failed to demonstrate that the affirmative defenses should be stricken. Wilkerson relies on two primary arguments for striking most of Defendants' defenses. Neither would justify the drastic step of striking a pleading before any discovery has occurred.

First, she frequently argues that various defenses are not true "affirmative defenses" as listed in Rule 8(c). *See, e.g.*, Pl.'s Mem. [20] at 4–5 (addressing the First Affirmative Defense, failure to state a claim). That may be true. *See American Gooseneck, Inc. v. Watts Trucking Serv., Inc.*, No. 97-50969, 1998 WL 698937, at *4 (5th Cir. Sept. 16, 1998) (holding that "[a] denial that an essential element of a claim exists is not the same as an affirmative defense to the claim and need not be included in the answer under rule 8(b)"). But the fact that Defendants pleaded more than was required merely gives Wilkerson a roadmap for the issues she may face during discovery. There is no prejudice. And to the extent some defenses—like the failure to state a claim—may have been mislabeled as "affirmative defenses," "Rule 12(f) is not to be used to police the form of a pleading or to correct any misdesignations it might contain." 5C Fed. Prac. & Proc. Civ. § 1381 (3d ed.).

Second, Wilkerson says the affirmative defenses lack sufficient detail to satisfy the fair-notice standard—much less *Twombly*. *See, e.g.*, Pl.'s Mem. [20] at 7–8 (addressing Sixth

6

Affirmative Defense, laches, waiver, estoppel, and/or unclean hands). Many of the defenses seem sufficient. For example, Wilkerson should know the applicable statute of limitations as addressed in the Seventh Affirmative Defense. So too, the Second and Fourth Affirmative Defenses seem sufficient, at least at this point.

Other pleadings—like the Second, Fifth, Sixth, and Twenty-Sixth Affirmative Defenses—are more generic and ultimately might fail to provide fair notice. As stated in *Woodfield*, simply naming the defense may sometimes suffice. 193 F.3d at 362. But in that case, the defendant raised a technical, contract-based argument *after trial* that was not readily apparent from its "bald[ ] naming [of] the broad affirmative defenses of 'accord and satisfaction' and 'waiver and/or release.'" *Id.* The Fifth Circuit concluded that the pleadings fell "well short of the minimum particulars needed to identify the affirmative defense in question and thus notify [plaintiff] of [defendant's] intention to rely on" a specific provision of the contract. *Id.* (deeming defense waived).

It could be that some of the disputed defenses will prove equally deficient. Time will tell. If so, Defendants may face waiver if they fail to better assert the defenses by a "pragmatically sufficient time." *Lucas v. United States*, 807 F.2d 414, 418 (5th Cir. 1986). But that does not mean the defenses are "insufficient[,] . . . redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Other than those specifically addressed below, Wilkerson has not shown that the defenses "cannot, as a matter of law, succeed under any circumstance." *Renda*, 709 F.3d at 479; *see also LHC Grp. Inc.*, 2012 WL 3242168, at *4 (rejecting a similar motion and holding "[i]t is too early in the litigation to be certain that any of the challenged affirmative defenses are invalid or inapplicable").

Nor has Wilkerson demonstrated the type of prejudice that would require the drastic remedy of striking a defense, especially when the parties have conducted no discovery. *See United States v. Cain*, No. 1:16-CV-369-HTW-LRA, 2017 WL 6389659, at *3 (S.D. Miss. Dec. 14, 2017) (Wingate, J.) (denying similar motion to strike); *LHC Grp. Inc.*, 2012 WL 3242168, at *4 (same).

Here, Wilkerson generally says she will be prejudiced because the defenses will cause confusion and require expensive and time-consuming discovery. It is not clear who will be confused or how—this Court does not send answers to the jury. And as for discovery, the whole point of Rule 8 is to avoid unfair surprise. *Woodfield*, 193 F.3d at 362. Defendants were required to answer before conducting discovery. Had they excluded these defenses yet tried to add them after discovery, Wilkerson would no doubt argue waiver. *See* Fed. R. Civ. P. 8(c). Or, if the Court were to strike them now, Defendants would still try to conduct the discovery they deem necessary and then re-assert the defenses later. The Court simply fails to see how any of that would benefit the parties or progress the case. At least with the current pleading, the issues have been identified, and generally speaking Wilkerson fails to show prejudice.[4]

Having said that, Rule 12(f) "motions are a useful and appropriate tool when the parties disagree only on the legal implications to be drawn from uncontroverted facts." 5C Fed. Prac. &

---

[4] In contrast, pursuing the instant motion—and those related to it—has caused considerable delay and expense for the parties and the Court. Judge Costa noted the same paradox in *Citizens Medical Center*, stating that "motions to strike only prolong pre-discovery motion practice. . . . This case demonstrates that concern as the parties and Court have been tasked with the time-consuming task of analyzing a number of affirmative defenses, many of which CMC concedes may never be pursued depending on what discovery reveals." 302 F.R.D. at 419 (citation and quotation marks omitted); *see also* 5C Fed. Prac. & Proc. Civ. § 1381 (3d ed.) ("Despite these well-established limitations on the procedure, Rule 12(f) motions challenging valid defenses unfortunately are common and continue unnecessarily to occupy the attention of the courts.").

Proc. Civ. § 1381 (3d ed.). And Wilkerson does raise four defenses that partially fall within that purpose.

A.  Third Affirmative Defense—Punitive Damages

Defendants' Third Affirmative Defense is deficient in one respect. There, they said: "Plaintiff's claims for punitive damages against this Defendant are violative of the constitutional safeguards due this Defendant under the United States and Mississippi Constitutions." Defs.' Answers [12, 13] at 8. The Court agrees with Wilkerson that the Mississippi Constitution would not impede her ability to seek punitive damages that are allowed under federal statute. So to that limited extent, the motion is granted.

Otherwise, Wilkerson is not entitled to relief. As Defendants argue, an excessive punitive award might violate the Due Process Clause. Defs.' Mem. [31] at 13 (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003)). Accordingly, Wilkerson fails to show that Defendants "cannot, as a matter of law, succeed under any circumstance," and has not shown prejudice. *Renda*, 709 F.3d at 479.

B.  Twelfth Affirmative Defense—Employment-At-Will Doctrine

In their Twelfth Affirmative Defense, Defendants state: "Plaintiff's claims against this Defendant are barred, in whole or in part, by the employment at-will doctrine." Defs.' Answers [12, 13] at 9. Wilkerson says this defense cannot succeed under any circumstances. *See* Pl.'s Mem. [20] at 10 (citing *Kass v. Albemarle Corp.*, 220 F.3d 584 (5th Cir. 2000) (holding that at-will employee could be fired for any reason or no reason but not because of age)). Defendants ignore this legal argument and instead say the motion is premature. Defs.' Mem. [31] at 19–20. But the Court fails to see how this defense is material or could become so. The Court therefore strikes FAS's and FMAS's employment-at-will affirmative defense.

9

C.  Eighteenth Affirmative Defense—*Ellerth/Faragher*

In their Eighteenth Affirmative Defense, Defendants aver: "This Defendant has a well disseminated and consistently enforced policy against harassment or discrimination, and a reasonable and available procedure to handle complaints. To the extent Claimants, or some of them, failed to use, or otherwise misused, such procedures, Plaintiff's claims against this Defendant are barred, pursuant to *Ellerth*/*Faragher*." Defs.' Answers [12, 13] ¶ 55. This defense "allows an employer to claim immunity from vicarious liability for a supervisor's sexual harassment if it establishes '(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.'" *Pullen v. Caddo Par. Sch. Bd.*, 830 F.3d 205, 209 n.4 (5th Cir. 2016) (quoting *E.E.O.C. v. Boh Bros. Constr. Co.*, 731 F.3d 444, 462 (5th Cir. 2013) (en banc) (citation omitted)).

*Ellerth*/*Faragher* is considered an affirmative defense. *Id.* But Wilkerson says it should be stricken because she has not asserted any disability-harassment or hostile-work-environment claims. *See* Pl.'s Mem. [20] at 14–15.

Defendants resist the motion, saying "[t]his defense was included to prevent any assertion of waiver should a claim for disability harassment or hostile work environment be discovered during litigation. Moreover, the *Ellerth/Faragher* affirmative defense is relevant to the issue of mitigation." Defs.' Resp. [31] at 22.

To the extent Defendants are asserting the defense as a precaution to an as-yet unpled claim, the defense is immaterial, legally insufficient, and could cause delay if pursued in discovery. It is therefore stricken to that extent. If Wilkerson attempts to pursue any disability-

harassment or hostile-work-environment claims, Defendants will be allowed to amend and reassert the defense. As for the mitigation angle, it is not apparent on this record that the failure to complain would be immaterial. Nor is the defense prejudicial. Accordingly, that aspect of the defense will stand.

### D. Twenty-Third Affirmative Defense—Workers' Compensation Exclusivity

Finally, Wilkerson brings a proper challenge to the sufficiency of Defendants' Twenty-Third Affirmative Defense, wherein they pleaded that her claims "are barred, in whole or in part, by the exclusive remedy provisions of the Mississippi Workers' Compensation Act." Defs.' Answers [12, 13] at 11. Wilkerson argues that the Act does not apply because it contains no provisions "that compensate[] workers for discriminatory conduct in violation of the workers' federal rights under the Americans with Disabilities Act." Pl.'s Mem. [20] at 16 (citing *Newell v. Southern Jitney Jungle Co.*, 830 So. 2d 621, 624 (Miss. 2002) (holding that exclusivity applies to injuries "covered by the act")). Defendants tacitly acknowledge the legal point, saying the defense is material "[t]o the extent that Plaintiff asserts a negligence claim against Defendants or a workplace injury against JCI." Defs.' Mem. [31] at 24. But the Complaint is based exclusively on federal statutory law, making this defense immaterial. Therefore, the Court strikes Defendants' exclusive-remedy defenses. In the unlikely event that Wilkerson later asserts a claim that is compensable by the Act, Defendants are instructed to seek leave to amend their answer to re-assert this defense.

## IV. Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed do not change the outcome. For the foregoing reasons, the Court grants Wilkerson's Motion to

Strike [19] in part as to the Third, Twelfth, Eighteenth, and Twenty-Third Affirmative Defenses. The motion is otherwise denied.

**SO ORDERED AND ADJUDGED** this the 5th day of September, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE